UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

EDWARD SAWYER, on behalf of himself and all
others similarly situated

        Plaintiff,

   v.

CITIMORTGAGE, INC.,

        Defendant.

-------------------------------------------------------------------x

**ECF Case**

No. 08 Civ. _____

**NOTICE OF REMOVAL**

   PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant, CitiMortgage ("CMI"), by its undersigned attorneys and for the purposes of removing this action, hereby gives notice of removal of the above-entitled action, and all claims and causes of action therein, currently pending in the Supreme Court of the State of New York, County of New York(the "State Court Action"). As explained below, removal of this case is proper under the Class Action Fairness Act of 2005 ("CAFA"), because this case satisfies all of CAFA's substantive requirements for the removal of a class action and Defendant has satisfied the requirements for removal under 28 U.S.C. § 1446 and all applicable rules.

**A.**  **The Complaint is Removable Under CAFA**

   1.  This Court has jurisdiction of this action pursuant to CAFA. *See* 28 U.S.C. §§1332(d), 1453. CAFA extends federal jurisdiction over class actions where (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); (2) the putative class consists of at least 100 members; and (3) the amount in controversy exceeds $5 million, aggregating all claims and exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B).[1] Each of these requirements is met in this case.

---

   [1]  Under CAFA, the term "class action" includes any civil action filed under Federal Rule of Civil Procedure 23, or "similar State statute or rule of judicial procedure," such as NY CPLR Article 9. *See* 28 U.S.C. § 1332(d)(1)(B). *See also Brandon v. Chavetz*, 106 A.D.2d 162, 168 (N.Y. App. Div. 1985) (noting that NY CPLR Article 9 was "modeled on rule 23 of the Federal Rules of Civil Procedure.").

**Minimal Diversity**

2.      Plaintiff Edward Sawyer ("Sawyer") is a resident of the State of New York. *See* Complaint ¶ 11 ("Complaint") (Appendix of Exhibits to Notice of Removal ("App., Ex. A") Ex. A). Sawyer purports to bring this action as a class action on behalf of two putative sub-classes of co-op borrowers, including all co-op borrowers nationwide.

3.      Defendant CMI is a citizen of New York and Missouri. It is a New York Corporation that maintains its principal place of business in Missouri. Complaint ¶ 13, App. Ex. A). *See* 28 U.S.C. § 1332(c)(1).

4.      Because the putative nationwide class includes members who are citizens of states different than defendant, it follows at least one "member of [the] class of plaintiffs is a citizen of a State different from [the] defendant," *see* 28 U.S.C. § 1332(d)(2)(A), thus satisfying CAFA's minimal diversity of citizenship requirement.

**Number of Class Members**

5.      Plaintiff alleges that the proposed "Class consists of thousands of persons." Complaint, ¶ 30(a), App. Ex. A. Therefore, the number of putative class members far exceeds 100. *See* 28 U.S.C. § 1332(d)(5).

**Amount in Controversy**

6.      The amount in controversy exceeds $5,000,000, exclusive of costs and interest. Plaintiff alleges that Defendant has unlawfully charged and retained extra-contractual interest in connection with the payoff or refinance of co-op loans in the state of New York and elsewhere throughout the United States. Sawyer alleges that, as a result of CMI's actions, Defendant (a) breached its loan agreement with Sawyer and others similarly situated, (b) violated the consumer fraud statutes of the various states, and (c) was unjustly enriched. Complaint, Counts 1 – 3 (¶¶ 33-47), App. Ex. A. CMI denies that it has engaged in any of the actions charged in the complaint. The class period purports to include the six year period preceding the filing of the Complaint and continuing thereafter. *See* Complaint ¶ 3, App. Ex. A. Sawyer seeks certification of a New York and National class of similarly situated persons, an award of "$75,000,000 in compensatory damages," attorneys fees, interest and costs and seeks an injunction. Complaint, Prayer for Relief, ¶¶ 1 – 6, App. Ex. A. Thus, the total amount in controversy, excluding costs and interest, clearly exceeds $5,000,000. *See* 28 U.S.C. § 1332(c)(2).

**B.      Compliance With Removal Statute**

2

7.     This Notice of Removal was properly filed in the United States District Court for the Southern District of New York because this action is pending in the Supreme Court of the State of New York, New York County, a court which lies within this federal judicial district. *See* 28 U.S.C. § 1441(a).

8.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1441(a).

9.     Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and the Complaint are attached hereto as Exhibit C. CMI was served with the Summons and Complaint on December 21, 2007. Other than the Summons and Complaint, no other filings have been served on Defendant.

10.    Pursuant to 28 U.S.C. § 1446(b), Defendant filed this Notice of Removal on January 10, 2008, within 30 days after the receipt of service of the Summons and Complaint by Defendant. Accordingly, this Notice of Removal has been timely filed.

11.    As required by 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, and serve copies of the same on all parties to this action.

12.    Defendant intends no admission of liability by this notice and expressly reserves all defenses, motions, and pleas, including without limitation objections to the sufficiency of Plaintiffs' pleadings and to the propriety of class certification.

## C.    Conclusion

WHEREFORE Defendant CMI respectfully requests, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, that this Court exercise jurisdiction over this removed action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Supreme Court of the State of New York, New York County.

Respectfully submitted,

_____
Christopher J. Houpt

MAYER BROWN LLP
1675 Broadway
New York, New York 10019
Telephone: (212) 506-2500
Facsimile: (212) 262-1910
choupt@mayerbrown.com

*Of Counsel*
Lucia Nale
71 S. Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
lnale@mayerbrown.com
*Attorneys for Defendant CitiMortgage, Inc.*

4

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
EDWARD SAWYER, on behalf of himself and all others
similarly situated,

                              Plaintiff,

    -against-

CITIMORTGAGE, INC.,

                              Defendant.
------------------------------------------------------------X

Index No.:
Date Purchased:
**SUMMONS**

07117024

Plaintiff designates New York
County as the place of trial.

The basis of venue is:
Plaintiff's Residence

## To the above named Defendants:

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:                    New York, New York
                          December 21, 2007

                                        Yours, etc.

                                        SANFORD WITTELS & HEISLER, LLP

                                        By: JEREMY HEISLER
                                        Attorneys for Plaintiff
                                        **EDWARD SAWYER and the Class**
                                        950 Third Avenue , 10th fl.
                                        New York, New York 10022
                                        (646) 723-2947

TO:

CITIMORTGAGE, INC.
399 Park Avenue
New York, N.Y. 10022



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------x

EDWARD SAWYER,

On Behalf of Himself and All Others
Similarly Situated,

                        Plaintiff,

    v.

CITIMORTGAGE, INC.

                    Defendant.

------------------------------------------------------x

**VERIFIED
CLASS ACTION COMPLAINT**

Index No.    **07117024**

**JURY TRIAL DEMANDED**

**FILED**
DEC 2 1 2007
NEW YORK
COUNTY CLERKS OFFICE

Plaintiff Edward Sawyer, by his attorneys, Sanford Wittels & Heisler, LLP, sues in his individual capacity and on behalf of a class of persons defined below, and alleges as follows.

**OVERVIEW OF DEFENDANT CITIMORTGAGE'S
WRONGFUL ACTS AND BASIS OF THIS ACTION**

    1.    Plaintiff Edward Sawyer brings this class action on behalf of himself and a class of co-op borrowers to recover unlawful, contractually impermissible interest charges that Defendant CitiMortgage, Inc., imposes and collects from borrowers who pay off or refinance their co-op loans.  (Hereafter, Defendant is referred to as "CitiMortgage," "Bank" or "Company," unless the context requires otherwise).

    2.    In breach of the borrowers' co-op Notes (hereafter the "Note," "loan agreement" or "loan contract"), the Defendant Bank assesses Plaintiff and the Class of co-op borrowers one or more days of extra interest.  The Note requires that the

borrower pay interest only until the principal balance is paid off – which is the date the co-op closing occurs and the loan terminates. Notwithstanding this unambiguous provision, CitiMortgage compels class members to pay interest for 1-3 days after the co-op loan principal has been fully paid.

3.    Plaintiff sues both individually and on behalf of all borrowers in New York State and nationwide who obtained and then paid off or refinanced co-op loans originated or held by Defendant CitiMortagage.    The loans cover cooperative apartments located in the State of New York and all other states where CitiMortgage has co-op loans, and the class period encompasses all co-op loan terminations which occurred during the period from six (6) years before the date of the filing of this action and thereafter.

4.    Plaintiff Edward Sawyer's New York co-op loan with CitiMortgage ended on August 3, 2007, yet the Bank breached the loan agreement by charging Mr. Sawyer interest for three extra days through August 6, 2007, amounting to an overcharge of almost $98.  Defendant CitiMortgage likewise victimizes the class of co-op borrowers on a mass scale by exacting the payment of extra interest charges not permitted by its loan contracts.

5.    If a borrower does not pay the Bank's extra interest charge, CitiMortgage will not close the loan.  Defendant CitiMortgage does not release to the borrower the co-op shares and proprietary lease – which evidence the borrower's ownership interest in the co-op – unless it receives the extra interest demanded.  Without return of the shares and lease, the borrower continues to incur interest and other charges to the Bank.  Unless the borrower pays the extra interest, CitiMortgage will retain its lien on

2

the co-op shares and the borrower will be unable to sell or refinance his or her co-op.

6.    By charging interest not permitted in its loan contracts, CitiMortgage breaches its loan agreements in New York and nationwide, violates the New York Consumer Fraud Statute (General Business Law Section 349(a)), and unjustly enriches itself.   CitiMortgage breaches its loan contracts with the class of borrowers and engages in a deceptive practice and fraud that enables it to obtain payments from customers attempting to terminate their relationship with the Company.

7.    Plaintiff therefore sues to recover damages for himself and a Class of thousands of co-op loan borrowers in New York and nationwide who have suffered damages as a result of CitiMortgage's fraudulent practice of charging interest on co-op loans beyond the end date of the loans.  Plaintiff alleges causes of action for breach of contract, unjust enrichment and violation of General Business Law § 349(a).

8.    CitiMortgage must be ordered to rectify the injustice to its customers, the class of borrowers, on whose behalf Plaintiff sues here.  Only a class action will provide the Class with any possibility of relief against the Company.

## JURISDICTION AND VENUE

9.    Defendant is subject to personal jurisdiction in New York State.  This lawsuit arises, in part, from CitiMortgage's wrongful conduct in New York State. CitiMortage is incorporated in New York State, with its principal place of business in Missouri.

10.    Venue is properly placed in this New York County. Plaintiff resides in New York county and a substantial part of the events and the omissions giving rise to Plaintiff's claims occurred in New York County and a substantial part of the property

3

that is the subject of the action is situated there.

## THE PARTIES

11.     At all times relevant to this action, Plaintiff Edward Sawyer resided in New York, New York.  From October 6, 2005 until August 3, 2007, Plaintiff was the consumer borrower of a co-op loan from Defendant CitiMortgage, and owned shares in a cooperative apartment located at 520 East 76th Street, Apt. 9A, New York, New York 10021.

12.     Upon information and belief, Defendant CitiMortgage, Inc. is a financial services company.  Its principal business is providing financial services consisting of co-op loans, consumer banking, investment banking, commercial banking and consumer finance to consumers and businesses.  CitiMortgage accepts, deposits, makes, buys, sells, and services residential loans, consumer loans and commercial loans.

13.     Upon information and belief, CitiMortgage is incorporated in the state of New York, with its principal place of business in Missouri, and has offices in New York City.

## FACTUAL ALLEGATIONS

### A.     Plaintiff Edward Sawyer's Co-op Loan From CitiMortgage, Inc.

14.     Plaintiff Edward Sawyer applied for a co-op loan with CitiMortgage in order to purchase his cooperative apartment located at 520 East 76th Street, Apt. #9A, New York, New York 10021.

15.     On or about October 6, 2005, CitiMortgage prepared and issued Plaintiff Mr. Sawyer a thirty-year "Co-op/Adjustable Rate Note" ("Note") together with a

4

"Security Agreement" ("Agreement").  The maturity date on the Note was October 1, 2035.  On information and belief, these documents were drafted and sent by Defendant CitiMortgage from its New York City office.

16.    The Note states that CitiMortgage would lend Mr. Sawyer a co-op loan in the amount of $200,000 with a variable annual interest rate, commencing at 4.375% during the first year of the loan.  This interest would remain in effect until a "Change Date" of October 1, 2006, when CitiMortgage would assess Mr. Sawyer an interest rate not greater than 6.375%, or less than 3.000%.   (Note, ¶ 4(d)).  Every October 1, thereafter (October 1, 2007, October 1, 2008, etc.) would be deemed a "Change Date." CitiMortgage's note stipulated that Mr. Sawyer's "interest rate will never be increased or decreased on any single Change Date by more than...2.000% from the rate...over the preceding twelve months...[and] that interest will never be greater than 10.375%." Id. at Par. 4(d). The Note further required monthly payments of $998.57 during the loan's first year.

17.    The Note specifically provides that "interest will be charged on unpaid principal until the full amount of principal has been paid." Id. at Par. 2.

18.    The Note did not disclose that after Mr. Sawyer fully paid off the loan's principal, he would be forced to pay interest beyond the date he terminated his loan, and, unless he paid these fraudulent charges, he would be unable to sell his co-op.

19.    In consideration for the co-op loan, Mr. Sawyer granted CitiMortgage a security interest in the Shares and Proprietary Lease for his property, under which he would deposit with CitiMortgage the shares and lease as set forth in the Security Agreement.

5

**B.    The Pay-Off Of The Co-op Loan &**
**Extra, Non-Contractual Interest Charges**

20.    In or about July 2007, Plaintiff Edward Sawyer advised CitiMortgage of his intent to sell to a buyer his shares of the co-op at 520 East 76th Street Unit 9A, New York, NY 10021.

21.    On or about July 26, 2007, Defendant CitiMortgage, issued a Payoff Letter to Plaintiff Mr. Sawyer.  Even though the Letter listed August 3, 2007 as the "Payoff Date" – i.e., the date Mr. Sawyer would close and pay off the loan principal in full, the letter required Mr. Sawyer to pay an additional three days interest until August 6, 2007. More specifically, the Letter provided that from July 1, 2007 to August 6, 2007 Mr. Sawyer would owe $194,895.88 in principal, along with $1,205.58 in interest to the Company, bringing the total amount due to terminate his co-op loan to $196,101.46.

22.    The Bank charged Mr. Sawyer interest until Monday, August 6, 2007, three (3) days after he closed and fully paid his co-op loan on August 3, 2007 (a Friday).  The Bank knew that the closing date was August 3, since at the closing it released its security interest in the property by returning to Mr. Sawyer his shares and Proprietary Lease.

23.    The Bank failed to calculate correct interest and charged Plaintiff extra-contractual interest three (3) days beyond the date the loan was paid off at the closing.  Acting under compulsion, Mr. Sawyer paid approximately $98 as extra interest charges.

24.    Upon information and belief, it is the Bank's standard practice to refuse delivery of the co-op shares and proprietary lease to the borrower unless the Borrower pays the total amount of extra interest demanded in the Payoff letter.  Accordingly,

6

Plaintiff Mr. Sawyer had no alternative but to pay the full amount of extra interest Defendant CitiMortage demanded in order to pay off his co-op loan. Unless he paid the extra interest, he could not close and he would have been unable to sell and deliver those shares as required by his contractual obligations to the buyer of his co-op.

## CLASS ACTION ALLEGATIONS

25.    This action is brought on behalf of Plaintiff Edward Sawyer in his individual capacity, and as a class action on behalf of two subclasses of co-op Borrowers: (i) all co-op borrowers in the State of New York, and (ii) all co-op borrowers nationwide (the "Class" or "Class Members"), whom Defendant CitiMortgage has overcharged by imposing fraudulent, extra-contractual interest charges in connection with the payoff or refinancing of their co-op loans. The action includes all such persons upon whom Defendant continues in the future to assess such interest charges.

26.    Defendant has engaged in an ongoing unlawful practice of imposing extra interest charges on Borrowers even after they terminate their co-op loans, in violation of: (a) CitiMortgage's contracts with the Borrowers; (b) New York and other states' common law; and (c) the New York Consumer Fraud Act. This practice is to the detriment – monetary and otherwise – of Plaintiff and the Class.

27.    Defendant CitiMortgage uniformly breached its loan contract with co-op Borrowers by charging extra interest beyond the date the co-op loan was paid off under the terms of the Note. The Bank typically charges one extra day of interest for co-op closings held on Monday through and including Thursday and three extra days for interest for closings held on Friday.

28.    Plaintiff and the Class were further fraudulently and/or negligently

7

induced and deceived into paying these illegal interest charges based upon Defendant's

false and misleading loan agreements, which deliberately concealed that Plaintiff and

the Class would be forced to pay such charges in order to recoup their Stock and

Proprietary Lease from Chase, which was necessary in order for them to be able to sell

their properties.

29.    Defendant's loan agreements, which set forth the terms of the co-op

loans, separately and/or in combination:

    (a)    MISREPRESENTED that that Borrowers would only be required to pay the actual principal and accrued interest on their co-op loans up until the date they terminated the loan; and

    (b)    OMITTED to inform the Borrower that he would be required to pay additional interest on his co-op loan beyond the termination date in order to recover the Stock and Proprietary Lease on his or her Co-op.

30.    This action is properly brought as a class action for the following reasons:

    (a)    the Class consists of thousands of persons, and is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

    (b)    there exist questions of law and fact common to the Class which predominate over any questions affecting only individual members, including:

        1)    whether the excess interest charges demanded by CitiMortgage upon termination of the loan constituted a breach of the Loan Agreement;

        2)    whether Defendant misrepresented that the Borrower would only be required to pay the actual amount of principal and the actual interest accrued on his loan in order to recover his stock and Proprietary Lease upon termination of his loan;

        3)    whether Defendant was unjustly enriched by imposing the excess interest charges upon Plaintiff and the Class of Borrowers;

4) whether Defendant should be enjoined from continuing its unlawful practices; and

5) whether Defendant is liable to the Class and the measure of damages;

(c)    Plaintiff's claims are typical of the claims of the Class. Like all Class members, Named Plaintiff Edward Sawyer was injured by CitiMortgage's imposition of excess interest charges when he attempted to pay off his co-op loan. Named Plaintiff Edward Sawyer has suffered the same kind of harm as other Class members.

31.    Plaintiff has hired counsel who are able and experienced in class action litigation, and who will fairly and adequately protect the interests of the Class.

32.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual damages to any one class member may be relatively small, making the expense of individual litigation prohibitive or impractical for Class members.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract – New York State and Nationwide)

33.    Plaintiff Edward Sawyer repeats and realleges the allegations contained in the preceding paragraphs of this complaint and incorporates such paragraphs by reference.

34.    Defendant CitiMortgage has charged extra interest not permitted by its Loan Agreements with Plaintiff and the Class.

35.    Defendant's actions in charging and collecting such interest constitute a breach of Defendant's Loan Agreement.

36.    As a result of Defendant's conduct in billing and/or collecting contractually impermissible interest charges from Plaintiff and the Class members, Plaintiff and other

9

members of the (i) New York State class and (ii) Nationwide class have suffered injury and are entitled to recover monetary damages.

## AS FOR A SECOND CAUSE OF ACTION
### (Violation of N.Y Gen. Bus. Law § 349, New York Consumer Fraud Statute – New York State Class of Borrowers)

37.    Plaintiff Edward Sawyer repeats and realleges the allegations contained in the preceding paragraphs of this complaint and incorporates such paragraphs by reference.

38.    The Agreements between Defendant and Plaintiff and the Class members described herein is a consumer transaction within the meaning of N.Y. Gen. Bus. Law § 349..

39.    Defendant CitiMortgage engaged in materially "deceptive acts and practices" within the definition of N.Y. Gen Bus Law § 349(a) by misrepresenting the amount of interest that New York State Borrowers would be charged, and by failing to advise the Borrowers in advance that they would be forced to pay an extra interest charge. Such practices were aimed at consumers and the public.

40.    Defendant's failure to disclose that its New York State Borrowers would be charged extra interest has a broad impact on consumers at large because it is representative of the way Defendant does business with all its co-op customers.

41.    Defendant's failure to disclose that the New York State Borrowers would be charged extra interest was likely to mislead a reasonable consumer in the same situation as Plaintiff and the Class.

42.    As a result of Defendant's unlawful, deceptive, and unfair trade practice, Plaintiff and the other New York class members have suffered injury and damages in

10

that they have been forced to pay additional interest charges beyond those provided for in their Agreements with CitiMortgage or forgo their ability to sell their homes, or close their loans.

43.     Pursuant to the New York Consumer Fraud Statute, this court has the power to enjoin the continuation of Defendant's illegitimate, deceptive, and unfair trade practices and scheme.   Unless enjoined by this court, CitiMortgage will continue imposing illegal interest charges upon New York consumers.

## AS FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment – New York State and Nationwide)

44.     Plaintiff Edward Sawyer repeats and realleges the allegations contained in the preceding paragraphs of this complaint and incorporates such paragraphs by reference.

45.     Because of the wrongful activities described above, including the collection and retention of extra-contractual interest rightfully belonging to Plaintiff and the Class, Defendant has earned illegal profits and unjustly enriched itself at the expense of the Plaintiff and Class members in New York and nationwide.

46.     As a result of Defendant's retention of interest properly belonging to the Class, Defendant must account to the Plaintiff and the Class for such unjust enrichment and disgorge its unlawfully held monies and profits.

47.     By reason of the foregoing, Plaintiff and the Class have suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Edward Sawyer and the Class pray for judgment:

(1) declaring this action to be maintainable as a class action;

(2) awarding $75,000,000 in compensatory damages to Plaintiff and the Class members;

(3) enjoining Defendant CitiMortgage from continuing to implement its unlawful and illegal practices;

(4) awarding Plaintiff and the Class all costs and disbursements, including attorneys' fees, experts' fees, and other class action-related expenses;

(5) awarding pre-judgment and post-judgment interest to Plaintiff and the Class on their damages; and

(6) granting such other and further relief as may be just and proper.

Dated: December 21, 2007

Jeremy Heisler

SANFORD, WITTELS & HEISLER, LLP
950 Third Avenue, 10th Floor
New York, New York 10022
(646) 723-2947
web:  swittels@nydclaw.com
www.nydclaw.com

*Attorneys for Plaintiff Edward Sawyer and the Class*

12

## VERIFICATION

EDWARD SAWYER, being duly sworn, deposes and says:

I am the plaintiff in this action. I have read the Verified Complaint and know the contents thereof. The Complaint is true to my own knowledge, except as to matters therein stated to be on information and belief, and as to those matters I believe them to be true. The grounds of my belief as to all matters not stated upon my own knowledge are communications with my counsel and review of certain documents.

Dated:   December 21, 2007
         New York, New York

EDWARD SAWYER

Sworn to before me this 21st day of
December, 2007

Notary Public

**JEREMY HEISLER, ESQ.**
NOTARY PUBLIC, STATE OF NEW YORK
KINGS COUNTY
Reg. No. 02HE6140741
Qualified in New York County
My Commission Expires Feb. 6, 2010

13